UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIRLEY REYES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-2717** |
| **SPUR DISCOUNT STORE NO. 4, ET AL** | **SECTION "S" (3)** |

### REPORT AND RECOMMENDATION

The district judge, having determined that attorney's fees and costs are due plaintiff pursuant 28 U.S.C. § 1447(c) for wrongful removal, referred this matter to the undersigned Magistrate Judge for the purpose of a determination of the amount of attorney's fees. *See* Minute Entry dated June 13, 2007 [Doc. #14]. The matter has been fully briefed.[1] For reasons set forth below,

**IT IS RECOMMENDED** that:

(1) Defendants' objections be SUSTAINED insofar as they seek a reduction in quantum of plaintiff's attorneys' fees commensurate with plaintiff's counsels' failure to excise duplicative charges and to use billing judgment;

(2) Plaintiff's motion be DENIED IN PART, insofar as it seeks an award in the full amount of attorney's fees set forth on the appended statements *without reduction* and/or in excess of the lodestar amount; and

(3) Plaintiff's Motion to Set Amount of Attorney's Fees # 16 be GRANTED in the **total amount of $6,059.30.**

---

[1]*See* Plaintiff's Motion for Attorney's Fees; Defendants' Memorandum in Opposition; Plaintiff's Reply Memorandum.

## BACKGROUND

On April 30, 2007, Spur Discount Store #4, Inc. and Abbas Ali removed the above captioned "slip and fall" case from the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana to this court. The Notice of Removal (removal jurisdiction) was predicated on the plaintiff's original Complaint filed in state court which pled that damages were claimed under the Constitution of the United States.[2] Defendants further answered Plaintiff's Petition for Damages on April 30, 2007.[3] Post-Answer, post-removal and without seeking leave of court, plaintiff filed an Amended Complaint [Doc. #2], omitting the federal question from the removal equation.[4] Thereafter, plaintiff filed her Motion to Remand. [Doc. #9]. Defendant filed a two-page memorandum essentially opposing an award of fees (not remand), noting that plaintiff was the party who precipitated the removal by mistakenly urging claims under the Constitution which were withdrawn only after the fact of removal and answer.

## DISCUSSION

---

[2] *See* Notice of Removal filed April 30, 2007 at p. 1 and 2 ¶ 5(noting at the outset that "[t]his removal is predicated upon the fact that damages under the Constitution of the United States of America have been alleged in Paragraph VII [of Plaintiff's Petition]," reiterating same at paragraph 5 and alleging that "this court has original jurisdiction under the provisions of 28 U.S.C. 1331" ) [Doc. #1].

[3] *See* Defendants' Answer filed April 30, 2007 [Doc. #2] .

[4] *See* Plaintiff's Petition for Damages (claiming that plaintiff is entitled to "[g]eneral damages cognizable [under] ... the Constitution of the United States of America") [Doc. #1-2]; *compare* Plaintiff's Amended Complaint *filed May 10, 2007* (noting erroneously "First Amended Complaint filed *Prior to Answer under Rule 15(A)* and that paragraph VII(f) of the original petition is amended to read that "[g]eneral damages cognizable under the laws of the State of Louisiana including its Constitution") [Doc. # 6].

Plaintiff seeks attorney's fees pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005). Apparently, the district judge found that the defendants' reasons for removal were <u>not</u> objectively reasonable and the matter was referred to the undersigned solely for a determination of quantum (*i.e.*, a *reasonable* award of attorney's fees considering the applicable law in light of the circumstances presented on the record of this case).

## THE LODESTAR METHOD

A determination of the reasonableness of plaintiff's attorney's fee application is a two-step process that begins with the "lodestar" amount. A lodestar is calculated by multiplying the number of hours *reasonably* expended by an appropriate hourly rate in the community for such work. After making this calculation, the court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974). However, the lodestar may not be adjusted due to a *Johnson* factor if the creation of the lodestar award already took that factor into account.[5]

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount

---

[5] *Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir.1999) (noting that "such reconsideration [constitutes] impermissible double counting"); *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir.1993)).

3

involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.[6]

Of the aforesaid *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel.[7]  Three of the *Johnson* factors – complexity of the issues, results obtained and preclusion of other employment –  are fully reflected and subsumed in the lodestar amount.[8]   Since the *Johnson* decision issued, the Supreme Court has barred any use of the sixth factor ( *i.e.*, whether the fee is fixed or contingent).[9]

The lodestar is presumptively reasonable and should be modified only in exceptional cases.[10]  Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours *reasonably* expended and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted.[11]

Plaintiff submits that reimbursement for attorney's fees in the full amount of $11,275.00

---

[6] *Johnson*, 488 F.2d at 717-19.

[7] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir.1998).

[8] *Heidtman*, 171 F.3d at 1043; *Shipes*, 987 F.2d at 319-22 & n.9).

[9] *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir.1996) (*citing City of Burlington*, 505 U.S. at 567 and *Shipes*, 987 F.2d at 323).

[10] *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir.1993); *Heidtman*, 171 F.3d at 1043.

[11] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir.1995).

(plus $53.30 in costs) is warranted. Plaintiff further suggests that, possibly, the lodestar should be increased. The attorney's fees are based on following hourly rates, to wit: (1) Louis R. Koerner, Jr. **$10,725.00** (*i.e.*, 42.90 hours @ $250.00 per hour); and (2) R. Brent Cueria **$550.00** (*i.e.*, 3.20 hours @ $250.00 per hour).[12]

### A. Hourly Rates Charged by Plaintiff's Counsel

First, it must determined whether the customary hourly rates charged by plaintiff's counsel are reasonable. Plaintiff's counsel submit that they charged their standard hourly rates and that these rates are more than reasonable in light counsel's experience, skill, knowledge and extensive federal practice. *See* Declaration of Louis R. Koerner, Jr. Plaintiff's counsel provided an itemization of all time spent prosecuting the motion to remand, *inter alia*. It is apparent that the issue was not complex at all as there was no written opinion issued on the motion to remand. Indeed, the defendants did not oppose remand; instead the two-page text portion of defendant's opposition memorandum was devoted entirely to arguing against the imposition of costs for the alleged wrongful removal.[13]

An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate. The $250.00 hourly rates charged by Koerner and Cueria, respectively, are contested by the defendants. Defendants aver that $125.00 an hour would be more appropriate for preparing basic boilerplate pleadings necessary to remand the case. This Court finds that plaintiff's counsel have failed to justify any rate in

---

[12]Plaintiff also seeks fees for drafting a Reply Memorandum, which essentially reurges arguments previously made in this case and fails to justify any further inflation of the award fees for wrongful removal in this case.

[13]*See* Memorandum in Opposition to Plaintiff's Motion to Remand [Doc. # 10].

excess of $200.00 an hour for this simple matter of federal practice (a motion to remand) .

Additionally, defendants note that plaintiff's counsel failed to exercise billing judgment by excising redundant, excessive and/or unrelated time charges and that plaintiff's computation fails to take into consideration that plaintiff's erroneous pleading incorporating a constitutional claim (which was excised only post-removal and post-answer), precipitated the entire removal evolution. *See* Notice of Removal [Doc. #2].

Addressing the $250.00 hourly rate customarily charged by plaintiff's counsel, neither Louisiana law applicable to "slip and fall" cases, nor perfunctory statutory law applicable to removal jurisdiction should command $250.00 an hour and the lesser rate of $200.00 an hour for counsel's professional fees is more appropriate for the particular legal services rendered. Considering the Court's own experience in reviewing and evaluating requests for awards of attorney's fees and knowledge of the customary rate charged by litigators in the relevant fields with 20 years of litigation experience, the undersigned is not persuaded that the $250.00 rate charged by plaintiff's counsel is reasonable.  The $250.00 rate charged is excessive, unreasonable and not justified under the circumstances.

### B. The Hours Charged by Plaintiff's Counsel

Next, the Court must determine the reasonable number of hours that plaintiff's counsel expended on the litigation.  The burden of proving the reasonableness of the hours expended is on the fee applicant.[14] As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded from any award of attorney's fees.[15]   Attorneys

---

[14] *Mota*, 261 F.3d at 528.

[15] *Watkins*, 7 F.3d at 457.

must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards.[16]  The fee seeker's attorneys "are charged with proving that they exercised billing judgment."[17]  When billing judgment is lacking, the court *must* exclude from the lodestar calculation the hours that were not reasonably expended.[18]

Defendants specifically challenge excessive, duplicate billing and hours not reasonably expended in furtherance of the motion to remand.  Indeed, all of the work performed by Cueria is either duplicative of that performed by Koerner or administrative in nature such that it should not command a legal fee.

 A review of the plaintiff's fee application shows charges for imprudent duplication of effort and the failure to exercise billing judgment as required by the law of the Fifth Circuit. Turning to fees charged Koerner, the Court notes that an attorney's hourly rate should not be applied to clerical or administrative work. "Normally, clerical or secretarial costs are part of an attorney's office overhead and are reflected in the billing rate."[19]  It is well established that "when an attorney performs a task that could be handled by clerical staff, the opponent should not be charged the attorney's hourly rate."[20]  The Court specifically notes that e-mail requests for

---

[16]*Walker*, 99 F.3d at 769.

[17]*Id.* at 770.

[18]*Hensley*, 461 U.S. at 434.

[19]*Hagan v. MRS Assocs., Inc.*, 2001 WL 531119, at *9 (E.D.La. May 15, 2001) (Africk, M.J.) (*citing Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir.1995)); *In re North*, 59 F.3d 184, 195 (D.C.Cir.1995)) (additional citations omitted).

[20]*Hagan,* 2001 WL 531119, at 9. *See also Jenkins,* 491 U.S. at 288 n.10 (clerical and other non-legal work should not be billed at attorney's rate); *Harris v. L & L Wings, Inc*., 132 F.3d 978, 985 (4th Cir.1997) (secretarial tasks); *Abrams v. Baylor College*, 805 F.2d 528, 535-36 (5th Cir.1986) (clerical work); *Barrilleaux v. Thayer Lodging Group, Inc*., 1999 WL 397958, at

copies of pleadings, e-mailing instructions to law clerks to view and shepherdize cases, downloading signed orders, reformatting cases, printing documents for proof reading purposes and converting a memorandum to the Word format are all administrative tasks which could be handled by clerical staff.  The defendant should not be charged Koerner's hourly rate for these tasks.

Here, the Court finds that the plaintiff improperly seeks reimbursement for work relating to discovery and setting depositions.  Additionally, counsel with in excess of twenty (20) years experience in federal practice should be fairly fluent with the law applicable to removal jurisdiction.  The hours spent researching, reviewing and highlighting cases is exhorbitant.

In light of defendant's objections and in accordance with the standards set forth in *Hensley*, this Court has undertaken a line-by-line review of the time records in conjunction with the parties' written submissions for the purpose of identifying and excluding any "excessive, redundant, or otherwise unnecessary" hours.  Where, as here, there is no or scanty evidence of billing judgment, the proper remedy is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment.[21]

In order to eliminate redundant time charged by plaintiff's counsel, the Court finds that Cueria's time should be excised *in toto*.  After careful scrutiny of the record as a whole and particularly Koerner's fee bill, this Court concludes that a 30% reduction in the number of hours claimed by him constitutes an appropriate offset to compensate for clerical work billed at

---

*2 (E.D. La. June 11, 1999) (Livaudais, J.) (clerical and administrative tasks); *Inks v. Healthcare Distribs. of Ind., Inc*., 901 F.Supp. 1403, 1416 (N.D.Ind.1995) (delivery of documents); *A.N. v. Handy*, 1995 WL 571828, at *2 (N.D.Ill. Sept. 22, 1995) (mailing papers and filing pleadings).

[21]*Walker,* 99 F.3d at 770; *Hopwood*, 236 F.3d at 279, n. 88.

attorney's rate, mixed billing of work not properly attributable to the motion to remand and excessive work/billing which may have been unnecessary in hindsight.[22]

### C. Calculation of the Lodestar

As aforestated, when using the lodestar method to award attorney's fees, courts routinely deduct time spent on unsuccessful, unfounded or unnecessary pleadings, motions, discovery requests and memoranda. The Fifth Circuit has affirmed awards that contained such deductions.[23]

In summary, the requested hours for Koerner should be reduced by 30% (*i.e.*, 12.87 hours) for failure to exercise billing judgment.[24]  Additionally, duplicative fees charged by Cueria are not recoverable at all. Accordingly, the lodestar calculation results in the sum of **$6,006.00** .

```
LRK    42.90 hours billed
      <12.87>  30%
       30.03 hours subtotal
   X $200.00 an hour reasonable rate
   $6,006.00  LODESTAR
```

 The lodestar figure should be enhanced or reduced only in *exceptional* cases.[25]  This is not such a case. In making this determination, the factors articulated in *Johnson* have been

---

[22]*See Freiler v. Tangipahoa Parish Bd. of Education,* 185 F.3d 337, 349 (5th Cir. 1999) (noting that reducing the overall number of hours by a percentage did not constitute error), *cert. denied*, 530 U.S. 1251 (2000).

[23]*See Raspanti v. Caldera,* 2002 WL 494939, at *2 (5th Cir. Mar. 15, 2002); *Leroy v. City of Houston,* 906 F.2d 1068, 1084 (5th Cir. 1990).

[24]*See* Discussion, *supra*, at pp. 11-13.

[25]*Watkins*, 7 F.3d at 457 (*citing City of Burlington*, 505 U.S. at 562).

considered and applied, as required by the Fifth Circuit.[26] Those factors have been evaluated as follows:

(1) The time and labor required have already been considered in reaching the lodestar.

(2) The questions involved in this case were not novel or difficult. Indeed, the district judge ruled from the bench.

(3) The skill required to perform the legal service properly is connected to the second factor and has already been taken into account by assigning the reasonable rate of $200.00 an hour. That rate is at the high end of spectrum, considering the task at hand (a relatively simple procedural matter).

(4) Plaintiff's counsel does not contend that his firm was precluded from taking other employment. In any event, the Fifth Circuit has held that this factor is already "fully reflected and subsumed in the lodestar amount."[27]

(5) After the reductions discussed above for failure to excise duplicate work performed by Cueria and Koerner's failure to exercise billing judgment, *inter alia*, the fees charged were customary.

(6) No contingency contract is at issue and, as a matter of law, a contingent fee contract cannot be used to affect the lodestar.

(7) It is clear from the record that the time limitations imposed by this routine motion to remand were neither unusual nor extraordinary.

(8) Plaintiff prevailed on this motion to remand; however, this factor is fully subsumed in

---

[26]*Riley*, 99 F.3d at 760; *LP & L*, 50 F.3d at 331.

[27]*Heidtman*, 171 F.3d at 1043.

the lodestar computation.

(9) The experience, reputation, and ability of counsel have already been considered in determining the lodestar. This Court previously determined that plaintiff's counsel's customary rates were billed beyond the high end of the spectrum considering the premises (a routine procedural matter) and what is customary in this locality for such work.

(10) Plaintiff's counsel did not mention any element of undesirability attaching to this case.

(11) Plaintiff's counsel does not contend that the firm's relationship with the plaintiff warrants any adjustment of the lodestar amount.

(12) Neither party has put forward evidence of other awards in cases similar to this one. The Court's experience and research indicate that the award amount suggested by Plaintiff's counsel is not consistent with similar awards made by this Court and others under similar circumstances. The lodestar amount of **$6,006.00** more closely correlates with fees awarded in other cases involving the resolution of a procedural motion (such as one to remand)[28] pursuant to a hearing and without the necessity of any fanfare [*i.e.*, no discovery, no testimony and no supporting documents].

In summary, none of the twelve factors weigh in favor of adjusting the lodestar amount. In light of the reductions previously made to compensate for duplicate billing, mixed time entries involving activities not strictly limited to the remand issue, unnecessary work and counsel's failure to exercise billing judgment, no further downward adjustment is warranted. The

---

[28] *See Dimitrijevic v. TV & C GP Holding, Inc.,* 2005 WL 2656256 *5 (S. D. Tex. Oct. 18, 2005) (finding *reasonable* attorney's fees in the sum of $5,950.00 as a result of defendant's wrongful removal).

reasonable hours spent multiplied by a reasonable hourly rate for a routine procedural motion yields a reasonable attorney's fee award of **$6,006.00** as explained in more detail above.

## CONCLUSION

The amount of **$6,006.00** is reasonable and sufficiently compensates the professional services rendered to vindicate the plaintiff's right to a state court venue, *plus costs in the amount of $53.30 which were not contested*.

For the foregoing reasons,

**IT IS RECOMMENDED** that the plaintiff's Motion to Set Amount of Attorney's Fees be GRANTED in the **total amount of $6,059.30.**

## OBJECTIONS

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of July, 2007.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**